BROCKETT (UNITED STATES v.). See Case No. 14,651.

BROCKIUS (UNITED STATES v.). See Case No. 14,652.

---

## Case No. 1,917.

### In re BROCKWAY.

[6 Ben. 326;[1] 7 N. B. R. 595.]

District Court, S. D. New York. Jan. 29, 1873.

EVIDENCE—DOCUMENTS—PROPER BOOKS OF ACCOUNT—CHECK.

On an examination of a bankrupt, under specifications in opposition to his discharge, the question was whether the bankrupt had kept proper books of account. The opposing creditor had offered in evidence the stump of a check in a check book. The bankrupt offered the check itself in evidence, which was objected to. *Held*, that the check was admissible in evidence.

In bankruptcy.

[By I. T. Williams, Register:]

[2][I, the undersigned register in charge of the above entitled matter, do hereby certify to the judge of the said district, that in the course of the proceedings in this matter before me, to wit: while taking testimony in support of specifications in opposition to the discharge of the said bankrupt [William E. Brockway], filed by Edward Tracy, one of the creditors of said bankrupt, which said specifications charged, among other things, that the said bankrupt, being a merchant or tradesman, had not, subsequently to the passage of the bankrupt act, kept proper books of account. Counsel for the creditor opens the check book of the bankrupt to the stump of check numbered 863, as an instance of improper bookkeeping. The stump has on it the following words and figures: "Paid 1587 76," and nothing more. The counsel for the bankrupt on the cross-examination of the witness, who is an expert in bookkeeping, produces a cancelled check drawn by the bankrupt in the usual form, numbered 863, bearing date Nov. 30, 1869, payable to the order of Foster & Bros., for the sum of one thousand five hundred and eighty-seven dollars and seventy-six cents, which was apparently torn off from said stump, and offers the same in evidence as supplementing or supplying the omission upon the stump of said check book.

[The counsel for the creditor objects, that such check is no part of the books of the said bankrupt, and that the production thereof does not tend to prove that the said books have been properly kept—that the defect in

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[2] [From 7 N. B. R. 595.]

the keeping of said check book under consideration cannot be obviated or aided by the production of said cancelled check. Upon this objection the counsel for the bankrupt takes issue; and as similar questions will arise in course of the examination, it is thought it will save time and expense, to have said question disposed of at this stage of the testimony. And I, the register aforesaid, do hereby certify that the said objection to the testimony so offered, is, in my opinion, well taken, for the following reasons, to wit: No doubt is raised that the bankrupt was a "merchant" within the meaning of the provision in question. The sole issue is, whether the books of account which he kept were proper books of account. This provision has reference to the period subsequent to the passage of the act up to the time of the filing of the petition in bankruptcy. The statute is in its object preventive; it is a statute of "frauds and perjuries." It requires a merchant, if indeed he should ever come to apply for the benefit of the act, to show that during the period aforesaid and up to the time of the filing of the petition in bankruptcy he had kept proper books of account; such books as would reveal his business situation as well to his creditors as to himself; such books as would, upon their face, show the property and effects of the bankrupt upon the one hand, and his liabilities upon the other, to any one familiar with the ordinary methods of bookkeeping. The bankrupt is denied his discharge, however honest he may have been in his transactions, unless this is done. The provision may, therefore, be almost said to be penal in its effect. The object of the provision seems to be to save the necessity of looking beyond the bankrupt's books to ascertain the state of his affairs when he presents himself or is driven into bankruptcy, to put fraud and perjury beyond his power, so far as such a provision may tend to do so, as well as to give his creditors at all times an opportunity to know with certainty the state of his affairs should doubts arise as to his solvency or his liability to become insolvent. The merchant is admonished in advance that if he would be discharged from his obligations in bankruptcy, he must keep such books of account as will, at all times, "exhibit to his creditors his position, so that when placed before them for investigation they may at once ascertain his standing and property, and the result of his business, and whether everything has been fair and honest on his part." In re Gay [Case No. 5,279]; In re Newman [Id. 10,175]; In re Solomon [Id. 13,167]; In re Keach [Id. 7,629].

[Anything short of this interpretation would render the provision in question wholly nugatory. It would be simply a provision that the bankrupt should, either by his books, accounts, papers and verbal testimony, show that his dealings have been just and fair, while other provisions of the same section do all this far more concisely and effectually. The status of the books is fixed from day to day as the business of the merchant progresses. The time of making the entry is an element of propriety in all bookkeeping. The presumption in favor of an entry over a verbal statement rests upon the presumption that the entry was made at the time of the transaction, not only while it was fresh in the memory, but before any change of circumstances had supplied a motive to make the entry contrary to the fact. All presumption in favor of an entry is gone when it appears that it was not made cotemporaneously with the transaction to which it refers. The proof objected to and the issue found thereon, assert the right to supply all defects in the books by papers or evidence de hors the books. If evidence of this character, to never so great an extent, were given, it would be difficult to see how that would effect the books themselves. It might show integrity and fair dealing, but it would not show that the books had been properly kept. On the other hand, such evidence is pregnant with the admission that they had not been properly kept. I am, therefore, of opinion that the objection should be sustained.] *

BLATCHFORD, District Judge. I think the check is admissible in evidence, as having once formed a part of the book, and as showing, with the stump, just how the book was kept.